## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| M-B-W, INC. and BARIKELL S.r.l., | ) ) ) | |
| Plaintiffs/Counterdefendants | ) ) | |
| v. | ) ) | |
| MULTIQUIP, INC. and ALLEN ENGINEERING CORPORATION, | ) ) ) | |
| Defendants/Counterclaimants | ) ) | CASE NO. 07-C-390 |
| MULTIQUIP, INC. and ALLEN ENGINEERING CORPORATION, | ) ) ) ) | |
| Counterclaimants | ) ) | |
| v. | ) ) | |
| M-B-W, INC. and BARIKELL S.r.l. | ) ) | |
| Counterdefendants | ) | |

_____

### SUPPLEMENT TO STIPULATED PROTECTIVE ORDER
### RE: CONFIDENTIALITY UNDER LOCAL RULE 26.4
_____

On April 11, 2008, the parties filed a Status Report and Discovery Plan (Dkt. #38) which stipulated to the Protective Order provisions set forth in Local Rule 26.4.

Upon stipulation of all parties, the Court hereby enters the following modifications to the application of Local Rule 26.4:

If, during discovery, either party becomes aware of confidential information, documents or things that are of current or future competitive significance and that would

damage the producing party if disclosed to the opposing party ("Attorneys' Eyes Only" material), the following procedures shall be followed:

(a)  The information, documents or things, if due to be produced to the opposing party, shall be produced only to the requesting party's attorneys, with specific, clear designations that such produced information, documents or things shall be deemed to constitute "attorneys' eyes only" material. This is to be done by placing or affixing on the document the phrase "ATTORNEYS' EYES ONLY" in the manner delineated by L.R. 26.4(a)(1).

(b)  Before, or within fifteen days following, production of the "attorneys' eyes only" material, a producing party seeking "attorneys' eyes only" status shall obtain either a stipulation of opposing counsel or otherwise file a motion with the Court to seek "attorneys' eyes only" protection for the produced material.

(c)  As a further limitation on L.R. 26.4(a)(3) and 26.4(a)(4), pending a stipulation or Court approval, "attorneys' eyes only" material may be shown to and used by only counsel of record and any disclosed expert witnesses previously approved by opposing counsel to have access to "attorneys' eyes only" information.

(d)  If parts of a document or thing designated as containing "attorneys' eyes only" information also contains non-confidential information, the producing party shall, upon request of receiving party, specifically identify each

       document and/or thing designated as containing "attorneys' eyes only" information that also contains non-confidential information and shall, before or within fifteen days after production of such document or thing, provide a duplicate of such document or thing with the "attorneys' eyes only" information redacted.

(e)       If filing confidential information under Local Rule 26.4(a)(7) with the Clerk of Court, the party claiming confidentiality of the information shall file an unsealed, redacted version of the filed document or thing containing the confidential information with the Court or otherwise file a statement explaining why the filed document or thing should remain sealed. Such statement may be challenged under the procedures of L.R. 26.4(b).

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin, this 1st day of May, 2008.

                                                BY THE COURT:

                                               J.P. Stadtmueller
                                               U.S. District Judge